UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Dayna Carter | Elizabeth McNulty |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS** (filed November 27, 2012)

## I.    INTRODUCTION

On September 13, 2012, plaintiff Miatta Rice filed suit in the Los Angeles Superior Court against defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions. Defendant removed the action to this Court on September 13, 2012, Dkt. No. 1; plaintiff filed the operative Second Amended Complaint ("SAC") on November 2, 2012, Dkt. No. 17. Plaintiff brings suit on behalf of herself and all others similarly situated in California who purchased a Crock-Pot (or "the device") from defendant during the last four years. SAC ¶ 46. She alleges that the Crock-Pot poses an unreasonable risk of burns, fires, and other related injuries to consumers when used as intended by the manufacturer. Dkt. No. 1. In particular, plaintiff asserts claims for: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"); (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (3) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); (4) breach of express warranty; (5) breach of implied warranty of merchantability; (6) negligence; (7) negligent misrepresentation; (8) strict liability; and (9) breach of contract.

On November 27, 2012, defendant moved to dismiss certain claims in plaintiff's SAC discussed below. Dkt. No. 18. Plaintiff opposed the motion on December 17, 2012. Dkt. No. 20. Defendant replied on December 21, 2012. Dkt. No. 21. The Court held a hearing on January 7, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

**II.   BACKGROUND**

Plaintiff's allegations concern her purchase of a Sunbeam Crock-Pot, Model No. SCV700-SS, a slow-cooking kitchen device sold online by the manufacturer direct to consumers and through various retailers of household goods. SAC ¶ 20. The device is intended to heat food using the heating components concealed within the stainless steel base of the device; the food is contained within a removable stoneware dish that sits atop the stainless steel base. Id. ¶ 22. The accompanying Owner's Manual recommends cooking times between one hour and nine hours using one of the device's three temperature settings. Id. ¶¶ 21, 26. The device is allegedly designed for individual consumers, or for household use only. Id. ¶ 21. Plaintiff alleges that while the device is in use, the exterior upper rim of the steel base reaches temperatures exceeding 294 degrees Fahrenheit, and the exterior stainless steel wall can reach temperatures exceeding 270 degrees Fahrenheit. Id. ¶¶ 24–25.

On September 11, 2011, plaintiff alleges that she purchased a Crock-Pot from Target, an authorized retailer of Sunbeam's products, in Van Nuys, California. Id. ¶ 27. The next day, plaintiff set the device on her counter, plugged it in, and began cooking a meal according to directions contained in the accompanying Owner's Guide. Id. ¶ 28. Three hours later, with the device still cooking plaintiff's meal, she reached across her counter to grab an item next to the Crock-Pot. As she was doing so, she allegedly suffered a burn of undisclosed severity on her wrist due to the high temperature of the stainless steel exterior of the Crock-Pot. Id. ¶ 29. Plaintiff called defendant to complain; in response, defendant allegedly asked plaintiff to send the device to its offices for inspection. Id. ¶¶ 30–31.

Plaintiff alleges that the placement of the heating components in the device creates high temperatures on the exposed stainless steel part of the Crock-Pot, which in turn creates an unreasonable risk of harm to consumers. Id. ¶ 34. Defendant has had actual knowledge of the existence of this design or manufacturing defect since at least September 2011, plaintiff alleges, but has failed to modify the design of the device. Id. ¶ 35. Defendant allegedly only addresses this defect when contacted by individual consumers at its customer service center. Id.

In addition, plaintiff alleges that defendant has made and continues to make various misrepresentations regarding the safety and quality of the Crock-Pot. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

includes defendant's claims that the Crock-Pot "simplifies meal-time" and helps the consumer to "feed your family nutritious, home-cooked meals easily and with style." Id. ¶¶ 38, 41. Defendant also allegedly provides for an express one year, limited warranty for the device in its owner's manual, and states that the device need only be kept "6 inches clear from the wall and 6 inches clear on all sides" to avoid hazard. Id. ¶¶ 39, 42. Plaintiff further alleges that nowhere on the stainless steel base of the device does defendant warn about "the heat that may be emitted, nor that the surface may be unreasonably hot while in use." Id. ¶ 44. Plaintiff thus brings this putative class action suit on behalf of herself and all other persons who purchased a Crock-Pot during the last four years from defendant's website or an authorized retail store located in the State of California. Id. ¶ 46.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## III.   DISCUSSION

Defendant moves to dismiss plaintiff's claims for (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.; (4) breach of express warranty; (5) negligent misrepresentation; and (6) breach of contract. Defendant does not move to dismiss plaintiff's claims for breach of an implied warranty of merchantability, negligence, or strict products liability. Plaintiff does not oppose defendant's motion to dismiss her claim for breach of contract, and therefore the Court grants defendant's unopposed motion as to this claim. The other grounds for defendant's motion are discussed in turn.

### A.   Consumer Legal Remedies Act

The CLRA prohibits a variety of "unfair or deceptive acts" in the sale of goods or services to a consumer. Cal. Civ. Code § 1770(a). This includes the use of "deceptive representations" in connection with the sale of goods or "representing that goods. . . have characteristics, ingredients, uses, [or] benefits. . . which they do not have. . . ." Id. § 1770(a)(4), (5). The standard for deceptiveness is whether conduct is "likely to mislead a reasonable consumer," Colgan v. Leatherman Tool Grp., Inc., 135 Cal. App. 4th 663, 680 (2006), or "the ordinary consumer acting reasonably under the circumstances," id. at 682. Even "a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable" under the CLRA. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1162 (9th Cir. 2012). In most circumstances, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). However, "a representation does not become 'false and deceptive' merely because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." Davis, 691 F.3d at 1162 (quotation omitted).

California courts have interpreted the CLRA to also proscribe fraudulent omissions in limited circumstances: "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835 (2006). Relevant here, a duty to disclose arises where the defendant "had exclusive knowledge of material facts not known to the plaintiff" or "actively conceals a material fact from the plaintiff." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 754 F. Supp. 2d 1145, 1172–73 (C.D. Cal. 2010); see also Ehrlich v. BMW of N. Am., LLC, 801 F. Supp. 2d 908, 916 (C.D. Cal. 2010) . In addition, federal courts interpreting Daugherty and its progeny have found that any omissions must be both material and related to "safety" to be actionable. See Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1141 (9th Cir. 2012); Keegan v. Am. Honda Motor Co., Inc., 838 F. Supp. 2d 929, 939–941 (C.D. Cal. 2012); In re Toyota, 754 F. Supp. 2d at 1173; Falk v. General Motors Corp., 496 F. Supp. 2d 1088, 1096 (N.D. Cal. 2007); Daugherty, 144 Cal. App. 4th at 836 (finding that a manufacturer would have a duty to disclose "any instance of physical injury or any safety concerns posed by the defect"). The two requirements are intertwined: in most cases, "[n]ondisclosures about safety considerations of consumer products are material." In re Toyota, 754 F. Supp. 2d at 1173.

Here, plaintiff alleges that defendant actively concealed and failed to disclose the dangers of the high external temperature of the Crock-Pot, violating the CLRA. SAC ¶ 62. In particular, plaintiff alleges that defendant represented through its advertising, packaging, and Owner's Guide that the Crock-Pot was "fit for household use and could be left unattended for extended periods of time." Id. ¶ 64. Defendant intended consumers to rely on these statements, plaintiff contends, and plaintiff and her fellow putative class members did so when purchasing and operating the Crock-Pot. Id. ¶¶ 65–67. However, defendant allegedly failed to disclose that the exposed stainless steel base of the Crock-Pot—a surface that consumers were likely to come into contact with—allegedly reaches dangerously hot temperatures, higher than comparable home kitchen appliances. Id. ¶¶ 68–69, 73a, 73b. Plaintiff alleges that despite the fact that defendant advertised the Crock-Pot for "household use only," the external surface of the device reaches temperatures that are appropriate only for commercial kitchens, rendering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

the device unsafe "for household use over extended periods of time." Id. ¶ 72. Defendant had knowledge of this defect despite its representations to the contrary, plaintiff alleges, because defendant "occasionally admitted to some consumers. . . that the Crock-Pot was defective" when they contacted customer service to complain. Id. ¶¶ 73d, 77. Moreover, plaintiff alleges that she and other similarly situated consumers reasonably relied on defendant's representations and omissions in purchasing and using the Crock-Pot to their detriment, particularly given the fact that the device is allegedly "inherently more dangerous and unreliable than similar slow-cookers." Id. ¶¶ 78a, 80.

Defendant's primary argument in support of its motion to dismiss plaintiff's CLRA claim is that plaintiff fails to assert that defendant made any actionable misrepresentations. In particular, defendant argues that neither the representation that the Crock-Pot is "safe for all-day cooking without supervision," nor the representation that it is for "household use only" would deceive a reasonable consumer into believing that the base of the device would not reach temperatures that could cause burns during normal use. Mot. at 5. As to the first representation, defendant contends that plaintiff cannot establish a link between unsupervised, all-day cooking and the alleged defect—the Crock-Pot becomes hot regardless of whether or not a consumer supervises it. Without any causal connection between representation and the alleged defect, defendant contends that it cannot support plaintiff's claim. As to the second representation, defendant argues that plaintiff's claim rests on a "strained and unjustified interpretation" of its statement regarding household use. Mot. at 6 (citing O'Shea v. Epson America, Inc., 2011 U.S. Dist. LEXIS 85273 (C.D. Cal. July 29, 2011)). Defendant avers that most reasonable consumers—but apparently not plaintiff—would "not be led to believe that the statement 'For Household Use Only' means that a cooking appliance, while in use in the home, could be touched with bare skin." Id. at 7. Defendant notes the numerous instances in its Owner's Guide where it does disclose the hot temperatures the Crock-Pot can obtain (e.g., "Do not touch hot surfaces. Use handles or knobs."), in arguing that plaintiff's unreasonable interpretation does not withstand its motion.

Alternatively, defendant contends that plaintiff fails to state a claim under the CLRA on the basis of an omission of a material fact. First, defendant argues that because it made no representations about the surface temperature of the Crock-Pot, such that plaintiff cannot state a claim on the basis of an omission "contrary" to a claim actually made by defendant. In support of this contention, defendant again notes the six times in the Owner's Manual where it disclosed that the device becomes hot during cooking.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

Mot. at 8–9. Second, defendant argues that the fact that the Crock-Pot reaches high temperatures during cooking is not a material fact that it is obligated to disclose. Id. at 10–12. Absent any allegations as to what temperature a reasonable consumer would expect the outside of a Crock-Pot to reach, defendant contends that it is "nonsensical" to allege that a reasonable consumer would not expect a cooking appliance to reach high temperatures. Moreover, plaintiff does not allege, in defendant's view, how a reasonable consumer would have behaved differently had they known about this alleged material fact. Third, defendant argues that even if this fact were material, plaintiff fails to allege that defendant had exclusive knowledge of or actively concealed this fact, as required to sufficiently allege a duty to disclose. Plaintiff does not allege sufficient facts to give rise to a claim under the CLRA under either duty of disclosure, defendant contends, because mere consumer complaints are insufficient. Id. at 13–14 (citing Wilson, 668 F.3d at 1146–47).

The Court concludes that plaintiff has failed to state an actionable claim under the CLRA under either a representation or omission-based theory. Most problematically, plaintiff fails to allege with the requisite particularity what representations she and other consumers reasonably relied on in making their purchasing decisions. As defendant notes, plaintiff alleges a misrepresentation involving the Crock-Pot being "safe for household use" rather than "For Household Use Only"—but plaintiff does not allege if these statements appear in the Crock-Pot Owner's Manual, packaging, advertisements, or elsewhere.[1] Indeed, it appears that the only alleged representations that plaintiff directly

---

[1] Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). In addition, on a motion to dismiss, a court may review material outside the pleadings where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). In addition, although a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not. . . accept as true allegations that contradict matters properly subject to judicial notice or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

quotes in her SAC are set forth in paragraphs 37 through 42; but even here, only the statement that the Crock-Pot "cooks all day—while the cook's away" is alleged. SAC ¶ 38. This type of pleading is insufficient to meet the requirements of Rule 9(b). At a minimum, plaintiff must allege what representation(s) she relied on, including where she encountered these representations in order to plead that the representations would deceive a reasonable consumer, and that she herself relied on them in purchasing and using the Crock-Pot.[2]

Moreover, even putting to one side the pleading deficiencies discussed above, the Court is unconvinced that plaintiff is pleading actionable representations—a plaintiff must allege a plausible interpretation of a representation that defendant actually made to state a claim under the CLRA, based on the perspective of a reasonable consumer in the marketplace. Here, plaintiff does not plausibly allege that a reasonable consumer would be deceived by any of the alleged representations. First, the Court is unable to discern how defendant's alleged statement that the Crock-Pot "cooks all day [] while the cook's away" misrepresents the exterior temperature of the Crock-Pot, as plaintiff contends. This alleged representation is untethered from the defect that plaintiff complains of, as plaintiff fails to explain, and the Court fails to see, how a reasonable consumer would understand a statement regarding "all day cooking" to be a representation regarding the temperature of the exterior of the Crock-Pot. Second, plaintiff's argument with respect to the alleged

---

by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The "For Household Use Only" admonition appears in the Crock-Pot Owner's Manual, of which defendant has requested the Court take judicial notice. Def.'s Request for Judicial Notice, Ex. 1. Because plaintiff has not objected to defendant's request nor the authenticity of this exhibit, and because plaintiff incorporated the Owner's Manual by reference in her allegations, the Court GRANTS defendant's request.

[2] Thus, the Court also finds plaintiff's allegation of reliance to be insufficient to meet the requirements of Rule 9(b). Plaintiff alleges that she "reasonably relied" on the representations allegedly contained on defendant's packaging in making her purchasing decision, including the statement that the Crock-Pot was safe for "household use." SAC ¶¶ 64–66. But absent plaintiff pleading her representations with particularity, plaintiff's allegations of reliance also fall short. The Court notes that plaintiff does appear to plead causation, alleging that had she known about the temperature that the surface of the Crock-Pot could allegedly reach, "she would not have purchased" or "paid as much" for the device. Id. ¶ 92.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

"safe for household use" representation is also unconvincing. Plaintiff fails to explain how an instruction regarding the use of a cooking device in the home is deceptive to a reasonable consumer with respect to the temperature that this cooking device allegedly reaches while cooking. In fact, the Owner's Guide instructs the user to place the Crock-Pot at least six inches from other items and surfaces while in use, among other cautionary statements. For these reasons, the Court concludes that plaintiff fails to adequately plead a misrepresentation under the CLRA.

Insofar as plaintiff alleges that defendant failed to disclose material facts, the Court concludes that plaintiff also fails to state a CLRA claim for relief. A defendant has a duty to disclose material facts that it has exclusive knowledge of or that it has actively concealed from a consumer. See, e.g., Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1142 (9th Cir. 2012). What plaintiff alleges is that defendant had a duty to disclose that the particular exterior surface in question reaches allegedly "unreasonably hot" temperatures during cooking. SAC ¶¶ 75–79; id. ¶ 6 (the "external surface temperature on the stainless steel siding reaches in excess of 215 degrees Fahrenheit which thereby puts consumers at risk of burns, fires, and other related injuries").

Because of the design of the Crock-Pot—namely, that the heating elements are concealed within the base of the device—plaintiff argues that until a consumer comes into contact with the steel exterior surface, defendant has exclusive knowledge of the fact of this purported defect. Plaintiff's allegations of knowledge, however, are insufficient under Fed. R. Civ. P. 9(b). See Wilson, 668 F.3d at 1145–48 (collecting cases discussing the knowledge requirement under the CLRA); Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1134 (N.D. Cal. 2010) (a plaintiff must allege facts "showing that the defendant knew of the alleged defect and did nothing to fix it or alert customers to its existence"). Unlike cases where courts have found that a plaintiff has sufficiently pled defendant's knowledge of a defect, plaintiff's allegations of knowledge are boilerplate and unsubstantiated by factual detail. See, e.g., In re Toyota Motor, 754 F. Supp. 2d at 1190 (finding that "plaintiffs' allegations include specific facts showing Toyota's knowledge and concealment of the alleged defect"); Tietsworth, 720 F. Supp. 2d at 1134 (detailing the plaintiff's extensive factual allegations with respect to the defendant's knowledge of the defect); Wilson, 668 F.3d at 1147 ("The allegation that HP, as the manufacturer, had 'access to the aggregate information and data regarding the risk of overheating' is speculative and does not suggest how any tests or information could have alerted HP to the defect."); Donohue v. Apple, Inc., 871 F. Supp. 2d 913, 927 (N.D. Cal. 2012) ("Plaintiff points to no complaints, data or other information about pre-iPhone 4 models

Case 2:12-cv-07923-CAS-AJW   Document 26   Filed 01/07/13   Page 11 of 19   Page ID #:320

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

that would have put Apple on notice that such models were similarly defective."). Plaintiff alleges defendant's knowledge of the defect in a number of ways, none of which is sufficiently particularized. See SAC ¶ 4 (alleging that defendant was on notice of the defect because defendant had previously demanded consumers return their defective Crock-Pots); ¶ 36 (defendant had knowledge based on unspecified "customer service/warranty service call center records for returns and/or complaints"); ¶ 134 (defendants on notice because of unspecified "numerous individual letters and communications sent by members of the Class"). Plaintiff must therefore substantiate her allegations of knowledge with facts to proceed with a CLRA claim based upon a duty to disclose. Because plaintiff's allegations are lacking in factual support or specificity as to defendant's knowledge of the purported defect, plaintiff's claim based on a theory of omission is insufficient. Accordingly, the Court grants defendant's motion to dismiss plaintiff's CLRA claim.

### B.   California Unfair Competition Law

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001).

Plaintiff alleges that defendant violated all three prongs of the UCL—that its business practices were unlawful, unfair, and fraudulent. Plaintiff alleges that defendant committed unlawful acts in various ways, including by and through its violation of the CLRA. These acts include: (1) failing to disclose the unreasonably hot surface temperatures the Crock-Pot attains during cooking; (2) failing to provide warnings on the device itself; (3) misrepresenting the Crock-Pot's safety for household use; (4) continuing to market the device after receiving notice of the purported defects; and (5) maintaining a "secret" and discretionary warranty practice. SAC ¶ 89. Defendant allegedly violated the fraudulent prong by making material misrepresentations and omissions regarding the safety and reliability of the device, designed to deceive a reasonable consumer. Id. ¶ 90. In addition, plaintiff contends that defendant has violated the unfair prong of the UCL by allegedly marketing slow cookers with a defective heating component and failing to adequately investigate consumer complaints, which has deprived consumers with the necessary means to make informed purchasing decisions in the marketplace. Id. ¶ 91. Plaintiff further alleges that she and her fellow consumers have suffered an injury-in-fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

because she and other similarly situated consumers would not have purchased a Crock-Pot or would not have paid as much for the device in the absence of defendant's wrongful conduct. Id. ¶ 92.

With respect to the unlawful prong, California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim" under the unlawful prong. Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). Here, because the Court finds that none of plaintiff's statutory claims withstand defendant's motion to dismiss her SAC, there is no unlawful conduct to serve as the basis of plaintiff's UCL claim. Accordingly, plaintiff does not state a claim under the UCL's "unlawful" prong.

Second, "a business practice is fraudulent under the UCL if members of the public are likely to be deceived." Davis, 691 F.3d at 1169 (citing Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638 (2008)). The challenged conduct is judged against the same standard as with plaintiff's CLRA claim: whether defendant's alleged representations are likely to deceive a reasonable consumer. Id. As noted, the Court finds that plaintiff fails to adequately allege how a reasonable consumer would likely be deceived by defendant's alleged representations. Accordingly, plaintiff's claim under the UCL, premised upon the same representations, also fails.

Third, after the California Supreme Court's decision in Cel–Tech Comms. Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163 (1999), California courts are divided as to the proper standard for determining whether a practice is "unfair" under the UCL. Before Cel-Tech, courts held that conduct is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861, 886–87 (1999) (internal quotation marks omitted). This test requires courts to balance "the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Id. (internal quotation marks omitted). In Cel-Tech, the court held that "unfair" is limited to "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Id. at 187. However, the court expressly limited its holding to actions "by a competitor alleging anticompetitive practices." Id. at 187, n. 12. After Cel-Tech,

Case 2:12-cv-07923-CAS-AJW   Document 26   Filed 01/07/13   Page 13 of 19   Page ID #:322

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

"some courts in California have extended the Cel–Tech definition to consumer actions, while others have applied the old balancing test, or borrowed the three-pronged test set forth in the FTC Act." Davis, 691 F.3d at 1170.

The Court need not resolve which standard is most appropriate here, because plaintiff's allegations do not amount to a claim under either definition of "unfair." First, under the Cel-Tech definition, plaintiff fails to plead how defendant's conduct violates the spirit or the letter of the antitrust laws. Her sole allegation in this regard is that defendant's conduct "has impaired competition" by preventing consumers "from making fully informed decisions about whether to purchase a Crock-Pot" or what price to pay for it. SAC ¶ 91. In addition to being conclusory, this allegation appears to be premised upon the same alleged representations that this Court has already found to be wanting regarding the capacity of the Crock-Pot to cook all day in one's household. Plaintiff thus does not state a claim under the Cel-Tech definition. See Davis, 691 F.3d at 1170 (affirming dismissal where the plaintiff offered "no factual allegations" to support his claim of impairing competition). Second, plaintiff also does not state a claim under the broader pre-Cel-Tech prohibition against "immoral, unethical, oppressive, unscrupulous" conduct. Part of plaintiff's allegations in this regard are that defendant failed to disclose and remedy the purported defect; as noted, however, plaintiff fails to adequately allege that defendant had knowledge of a defect that needed to be remedied. These allegations cannot serve as the basis for a claim that defendant's conduct is unscrupulous or substantially injurious to consumers. In addition, plaintiff offers no factual support for her allegation that defendant's conduct causes harm to consumers that "greatly outweighs any benefits" associated with the sale of its Crock-Pot in the marketplace. See SAC ¶ 91. Plaintiff's conclusory allegation fails to state a claim based upon alleged unfair conduct. Accordingly, the Court grants defendant's motion to dismiss plaintiff's UCL claim.

### C. California False Advertising Law

To plead a claim under the FAL, a plaintiff must allege that a defendant publicly disseminated advertising that false or misleading, and which the defendant knew or reasonably should have known was untrue or misleading. Cal. Bus. & Prof. Code § 17500. As with the CLRA, the perspective of a reasonable consumer is the standard by which an advertisement is measured. See Paduano v. Am. Honda Motor Co., Inc., 169 Cal. App. 4th 1453, 1497–98 (2009). "This provision has been interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

confuse the public." In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig., 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) (quotations omitted). The standard is the same as with plaintiff's UCL and CLRA claims premised upon representations: the statements must be such that a reasonable consumer would be deceived or misled.

Similar to plaintiff's claims under the UCL and CLRA, plaintiff alleges that defendant disseminated various false advertisements in conjunction with its marketing of the Crock-Pot. These include the same alleged misrepresentations noted previously in regards to plaintiff's other claims, including a failure to disclose the danger that the external surfaces of the device pose when hot, misrepresenting the Crock-Pot's safety for household use over extended periods of time, and misrepresenting that the device was free from manufacturing and design defects at the time of purchase. SAC ¶ 98. Plaintiff also alleges that defendant knew or should have known that these statements were false and misleading. As before, plaintiff alleges that she reasonably relied on these material misrepresentations to her detriment, and that she overpaid for her Crock-Pot and did not receive the benefit of her bargain with defendant. Id. ¶¶ 101–105.

First, as with plaintiff's claims under the CLRA and UCL, the Court finds that the alleged representations that plaintiff purports to rely on in support of its FAL claim are not actionable nor pleaded with sufficient particularity. The Court finds that plaintiff's claim under the FAL is not pleaded with sufficient particularity, and therefore it cannot withstand defendant's motion to dismiss. In addition, as discussed above in relation to plaintiff's claim under the CLRA, plaintiff fails to adequately allege defendant's knowledge of the purported defect. See SAC ¶¶ 62, 73d (alleging that defendant "occasionally admitted to some consumers by its words or action, that the Crock-Pot was defective"), 78a (alleging that defendant "[p]ossessed exclusive knowledge of the defects rendering the Crock-Pot inherently more dangerous"). Courts that have considered the issue have required that a plaintiff allege in far greater factual detail the basis for a claim that defendant had knowledge of a defect or the falsity of its statements. See Wilson, 668 F.3d at 1145–48. Vaguely alleging awareness of customer complaints, without any factual detail, does not suffice to demonstrate that defendant should have known about the falsity of its alleged representations. See, e.g., Falk, 496 F. Supp. 2d at 1096 (noting that plaintiffs alleged and quoted in their complaint a "record of complaints" that GM had knowledge of). Accordingly, the Court grants defendant's motion to dismiss plaintiff's claim under the FAL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

### D. Breach of Express Warranty

"A warranty is a contractual promise from the seller that the goods conform to the promise. If they do not, the buyer is entitled to recover the difference between the value of the goods accepted by the buyer and the value of the goods had they been as warranted." Daugherty, 144 Cal. App. 4th at 830. In addition to a claim for breach of an express written warranty, a warranty may be created by unequivocal representations regarding a product. See Cal. Comm. Code § 2313 (stating that any "affirmations of fact or promise made by the seller" or "description of the goods" that is "part of the basis of the bargain creates an express warranty that the goods shall conform" to the affirmation, promise or description). "To create a warranty, representations regarding a product must be specific and unequivocal." In re Toyota, 754 F. Supp. 2d at 1182 (citing Keith v. Buchanan, 173 Cal. App. 3d 13, 21 (1985)).

Here, plaintiff's breach of express warranty claim is premised upon her allegations that the class members reasonably relied on defendant's representations regarding the safety and fitness of the Crock-Pot for household use, in addition to breach of an express written warranty. SAC ¶¶ 111–112. In particular, plaintiff alleges that she and her fellow class members entered into a one year written warranty agreement with defendant, whereby defendant promised to provide plaintiff with a Crock-Pot that was "free from defects in material and workmanship." Id. ¶ 115. Defendant allegedly breached this agreement by supplying a Crock-Pot that caused an unreasonable risk of injury within the warranty period. Id. ¶ 117. Plaintiff allegedly provided defendant with notice of her claim when she called defendant's warranty service phone number, and defendant then requested that she send the Crock-Pot to its service center for inspection. Id. ¶¶ 131–133. Plaintiff does not allege, however, that she sent the Crock-Pot to defendant as requested.

Plaintiff further alleges that limitations on the scope or duration of defendant's warranty are unconscionable and unenforceable, because defendant was allegedly aware of these "basic design defects" before selling the Crock-Pot to consumers, including the fact that such defects would continue to affect the product after the limited warranty expired. Id. ¶¶ 118–122. Because defendant allegedly concealed the material defects of the Crock-Pot from consumers, plaintiff avers that any limitations on remedies to only repair or replacement or the costs thereof are unenforceable under California law. Id. ¶ 127.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

    Defendant's arguments in support of its motion to dismiss this claim are threefold. First, defendant notes that its warranty limited a buyer's remedy to repair or replacement for any defects in material or workmanship during the warranty period. This is allowable under California law. See Cal. Com. Code § 2719(1)(a); In re Toyota, 754 F. Supp. 2d at 1178. Because plaintiff fails to allege that she sought repair or replacement under the express provisions of the warranty, her claim must fail. Second, to the extent that plaintiff attempts to state a breach of warranty claim under Cal. Comm. Code § 2313, defendant argues that plaintiff's "vague allegations" of an express warranty via defendant's representations are insufficient under California law. Third, defendant avers that the phrase "free from defects in materials and workmanship" refers only to manufacturing defects, not defects in design; because plaintiff has alleged no manufacturing defects, plaintiff's breach of warranty theory fails to state a claim.

    As to defendant's first argument, plaintiff does not dispute that she has not pled compliance with the terms of warranty. Instead, plaintiff argues that when an exclusive or limited remedy fails of its essential purpose, a consumer may resort to the remedy provided for in Cal. Comm. Code § 2718(2). "A limited remedy fails of its essential purpose when the circumstances existing at the time of the agreement have changed so that enforcement of the limited remedy would essentially leave plaintiff with no remedy at all." Stearns v. Select Comfort Retail Corp., 08-cv-2746, 2009 WL 1635931, at *5 (N.D. Cal. June 5, 2009) (quoting Computerized Radiological Servs., Inc. v. Syntex Corp., 595 F. Supp. 1495, 1510 (E.D.N.Y.1984)). The Court is unable to discern how defendant's limited remedy of repair or replacement failed in its essential purpose, such that plaintiff was effectively left with no remedy at all. Plaintiff alleges that defendant offered to repair or replace any defective Crock-Pot, which in theory would make any consumer owning a defective Crock-Pot whole. See In re Toyota, 754 F. Supp. 2d at 1178 ("Plaintiffs allege there are defects in the Toyota vehicles that Toyota is unable or unwilling to repair. . . ."). Because plaintiff cannot allege to the contrary without having availed herself of the remedy provided for in the warranty, plaintiff's argument is without merit.[3]

---

    [3] Plaintiff also argues in passing, without citation to authority, that defendant's clause limiting consumer remedies is an unconscionable contract of adhesion. See SAC ¶ 122 (alleging procedural and substantive unconscionability on the basis of defendant's fraudulent concealment of information). Plaintiff's allegations are insufficient to overcome the express terms of the warranty, as plaintiff's allegation of "fraudulent concealment" is unsupported by the remainder of her SAC. See Tietsworth, 720 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

Second, plaintiff's allegations are insufficient to create an express warranty. Rather than pointing to specific and unequivocal statements, plaintiff's allegation again rests on defendant's alleged representation that the Crock-Pot was "safe and fit for household use." SAC ¶ 112. Putting to one side the issue of whether this particular phrase ever even appears on Crock-Pot packaging or in its Owner's Manual, this allegation is insufficient to create an express warranty under California law. A statement that the Crock-Pot is fit for household use is not the sort of unequivocal statement that can give rise to contractual obligations—the content of this promise is indefinite at best. See, e.g., Johnson v. Mitsubishi Digital Electronics Am., Inc., 578 F. Supp. 2d 1229, 1238 (C.D. Cal. 2008) aff'd, 365 F. App'x 830 (9th Cir. 2010) ("the abstract designation '1080p' does not convey a specific claim that is recognizable to the targeted consumer"). Accordingly, plaintiff's claim that defendant created an express warranty via representation is without merit.

Although the law is not as "clear" as defendant contends, the Court agrees with the federal courts to have considered the issue that the phrase "free from defects in material and workmanship" in defendant's limited warranty refers only to manufacturing defects, not design defects. See, e.g., In re Toyota, 754 F. Supp. 2d 1145, 1180 (C.D. Cal. 2010) (noting that the court was "unable to locate any California state appellate case that answers this question on point," but concluding that "[p]laintiffs may not base their express written warranty claims on an alleged design defect"); Brothers v. Hewlett-Packard Co., No. 06-cv-2254, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007). Plaintiff argues that her SAC sets forth allegations consistent with either a manufacturing or design defect theory of liability, although plaintiff does not cite to any particular allegation in her SAC in support of this contention. Reviewing the SAC in its entirety, the Court finds that all of plaintiff's factual allegations are premised upon a design defect theory, not a manufacturing one. At most, plaintiff alleges that the high temperatures that the external stainless steel surface can reach is the result of a "design and/or manufacturing defect," SAC ¶ 35, or other similar allegations that lack factual support. Plaintiff's factual allegations are all pled in support of a design defect theory, and plaintiff's argument in her opposition does not alter the state of her pleading. See, e.g., SAC ¶¶ 34 (allegation of defect based upon "the placement of the heating components");

---

2d at 1138–39 (concluding that a claim of unconscionability is without merit where the plaintiffs "fail to allege facts demonstrating that there were no alternative manufacturers of [the goods] or that they were surprised by the terms of the warranty").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

¶ 40 (the "Crock-Pot is not free from defects in material and workmanship" because of the "design of the Crock-Pot's heating components"); ¶ 73 (noting the "inherent defects" of the Crock-Pot's design). Accordingly, because the Court is unable to discern any facts that plaintiff alleges in support of a manufacturing defect theory, the Court grants defendant's motion to dismiss this claim.

### E.     Negligent Misrepresentation

To state a claim for negligent misrepresentation, plaintiff must allege that defendant made "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986). Claims for negligent misrepresentation sound in fraud, and are therefore subject to the heightened pleading standards of Fed. R. Civ. P. 9(b) in federal court. Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

Plaintiff's claim for negligent misrepresentation is premised upon her allegations that defendant represented the Crock-Pot to be suitable for all day cooking and safe for household use, when in fact the Crock-Pot is dangerous or likely to be dangerous when left on for extended periods of time, due to the high temperatures obtained by the steel exterior. SAC ¶¶ 160–162. Moreover, defendant "knew or reasonably should have known that the Crock-Pot. . . was likely to be dangerous when used in a reasonably foreseeable manner." SAC ¶ 161. For similar reasons, plaintiff alleges that defendant misrepresented that the Crock-Pot was "free from defects in material and workmanship. . .," when in fact it suffered from the defects described previously. Id. ¶ 167. Plaintiff alleges that she and her fellow class members reasonably relied on these alleged representations when purchasing or operating the Crock-Pot, id. ¶ 166, and that defendant "intended consumers to rely. . . on the representations," id. ¶ 165.

Defendant argues that plaintiff's claims is deficient for the following reasons. First, defendant contends that plaintiff fails to allege that it made any untruthful statements, or allege with particularity when, where, or how these statements were made. Second, focusing on plaintiff's claim regarding the representation of the Crock-Pot as safe for "unattended cooking," defendant argues that plaintiff fails to adequately allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7923-CAS-(AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | MIATTA RICE V. SUNBEAM PRODUCTS, INC. | | |

how defendant's belief in the truth of this statement was unreasonable when made. Third, defendant argues that plaintiff does not adequately plead how defendant intended for plaintiff and her fellow putative class members to rely on its alleged representations, or how plaintiff justifiably relied on these representations once made.

The Court finds that plaintiff has failed to state a claim for negligent misrepresentation. As with plaintiff's claims under the FAL and claim of omission under the CLRA, however, plaintiff fails to allege knowledge on the part of defendant with the requisite specificity required by Rule 9(b). Plaintiff must do more than allege that defendant "intended consumers to rely" on "representations" contained on the Crock-Pot package and advertisements, SAC ¶ 165, or that " [t]here were no reasonable grounds" for defendant to believe that the Crock-Pot "can be left safely unattended," SAC ¶ 163. To adequately state a claim, plaintiff must link particular representations that defendant allegedly made to the particular allegations as to why defendant was without reasonable grounds for believing these representations were true, and how the representations were intended to induce reliance. Accordingly, the Court grants defendant's motion to dismiss this claim.

## IV.   CONCLUSION

In accordance with the foregoing, defendant's motion is hereby GRANTED. Because it does not appear that leave to amend would be futile, the Court GRANTS plaintiff **thirty days (30)** to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |